By the Court.—Sedgwick, Ch. J.
The commission was executed in St. John, New Brunswick. The ground, claimed to be sufficient for the suppression of deposition was, that the witness had refused to answer some thirty questions, asked on behalf of defendant. The counsel for plaintiff made no objection to the questions. The witness, tor himself, refused, and in most instances, because, in his opinion, the questions did not concern the issues in the action, but concerned his private business. There are two grounds on which the questions might be admissible, upon the trial of the action, if the witness were examined then. The first would be, that they involved matters that affected credibility. The admission of such questions is somewhat in the discretion of the court. Cases may be conceived where it would not be right to suppress the deposition, because questions of this kind were not answered. On the other hand, if might be unjust and make a pernicious precedent, to limit strictly the cross-examination of a witness examined under commission. This appeal will be decided upon other considerations, in a result which will cover these particular matters.
The other ground of admissibility would be, that the question related to the issue itself. It may be perceived that on the trial, the question might be pertinent, if certain other things were proved, or if the court were satisfied that proof as to these things were about to be given. It is impossible to hold that, before such questions should be answered under commission, the party asking them must show that a state of things exits at the time of the deposition, which is only necessary to exist at the trial. Our first inclination is, to hold that it is sufficient cause to suppress, that the unanswered question may be pertinent upon the trial. The case, however, is a peculiar one. The plaintiff seems not to have been at all responsible for the wit *457 ness having refused to answer, He seems to be obliged, to depend upon this witness for proof of the loss. It may be that it will be difficult to find the witness, at a place where he can be examined for the trial. I speak only from the motion papers. If he be found, it may be that the law of the place will not compel him to answer. It is more important to consider, that perhaps the questions have no pertinency, and whether they have will depend upon the condition of things at the trial.
The conclusion, therefore, is that an order be entered, modifying the order appealed from, so that the denial of the motion to suppress is upon the condition, that the defendant, upon the trial, shall have leave to read, or ask the questions unanswered, as if the witness were upon the stand, and in such course as shall then be approved by the court; and if the court shall hold that none of the questions are admissible upon any legal ground, then the denial of the motion to be absolute ; but if the court shall hold that any of the questions are admissible, as pertinent to the issue, or as relating to credibility, then the denial of the motion is to be of no effect, and the deposition is suppressed; and if any part of the deposition shall have been read, it is, upon proper motion, to be stricken out of the evidence. The ruling of the court at the trial upon these matters to be subject to objection, exception and review.
The plaintiff may, however, at his option, submit to an order of absolute reversal.
Van Vorst, J., concurred.